UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY CAMPANA, | ) | CASE NO. 1:07CR210 |
| | ) | 1:12CV2734 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

The instant matter is before the Court upon Petitioner Anthony Campana's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 77. The Government has responded in opposition. The petition is DENIED.

## I. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

## II. LAW AND ARGUMENT

Campana raises four grounds for relief in his petition. The Court will address each ground in turn.

First, Campana contends that new evidence justifies relief. Specifically, Campana argues that a closer review of his log book indicates additional dates on which he was not in his home.

1

Campana asserts that this is additional evidence in support of his theory that another individual accessed child pornography on his computer while he was not present. The Government, however, properly notes that "'new evidence' in § 2255 proceedings, as in Fed.R.Crim.P. 33 determinations, is evidence that is discovered after the original hearing, and which could not, with due diligence of counsel, have been discovered sooner." *Giacalone v. United States*, 739 F.2d 40, 43 (2nd Cir. 1984). Herein, the log books Campana relies upon were not only disclosed, they were presented as exhibits during his trial. For that matter, his counsel highlighted numerous dates on which the log books showed Campana was allegedly absent but images were viewed on his computer. As such, Campana cannot claim that these log books constitute new evidence. His first claim, therefore, fails.

Additionally, the Court would note that even if this new evidence were considered, Campana has failed to demonstrate a fundamental defect in his proceedings. A jury already heard and considered the fact that Campana's log books indicated he was out of town on certain days that images were viewed. However, the jury also heard that the log books were unreliable, and ultimately the jury rejected Campana's argument that they demonstrated his innocence. The inclusion of additional date discrepancies does not rise to the level of a fundamental defect.

In his second ground for relief, Campana claims that the Court erred when it allowed the testimony of Richard Brindley. In this ground, Campana's argument borders on frivolous. Campana claims that Brindley should not have been allowed to testify because he did not work at the same trucking company as Campana during the time frame of the indictment. Campana ignores two facts. First, Brindley admitted this fact during his direct examination and it raised no objection. It raised no objection because such a fact is wholly irrelevant. Brindley explained how log books were kept, an assertion that was never disputed by Campana. Furthermore, Brindley explained that he lived in Campana's home for a short period of time *during the period* covered by the indictment.

2

In that regard, his testimony was utilized to demonstrate that Brindley had not viewed child pornography on Campana's computer.  As Campana has raised no conceivable legal argument to suggest there was error in allowing Brindley's testimony, his second ground for relief lacks merit.

In his third ground for relief, Campana claims ineffective assistance of counsel.  The standard for ineffective assistance of counsel is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Campana must show that his counsel's performance was deficient.  *Id.* at 687.  Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment."  *Id*.  Second, Campana must show that his counsel's deficient performance actually prejudiced his defense.  *Id.*  Campana cannot demonstrate either prong for any of his alleged errors.

Campana's ineffective assistance claim reads as follows:

> Mr. Talikka [Campana's first counsel] never requested discovery from prosecution.  Also, when transferring case material over to movant's first court appointed lawyer, Mr. Atway, lost possible exculpatory evidence.  Mr. Cocoves never asked for Movant's wishes before filing writ with the Supreme Court.  During trial, images were left up on screens for inordinate amount of time, possibly prejudicing the jury to the movant.

Doc. 77 at 14.

Campana has offered no argument in support of any of these alleged shortcomings of his three different defense counsel.  Furthermore, he has offered no argument at all about how any of these alleged shortcomings caused him prejudice.  Accordingly, he has fallen woefully short of demonstrating ineffective assistance of any of his counsel.

In his fourth and final ground for relief, Campana asserts that he "fears he was punished for exercising" his right to a jury trial.  He claims that "case law shows how much less time" defendants received when they plea bargain.  Campana, however, does no analysis of the specific facts of his case, the guidelines applicable to his offense, or how these other sentences are somehow

comparable to his own. For that matter, he challenged the substantive reasonableness of his sentence on appeal and the Sixth Circuit found no error. His bald accusation that he was punished for going to trial has no legal or factual support. Accordingly, this ground for relief is also rejected.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: July 29, 2013 /s/ *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**